UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RANDELL E. POTTS, <br><br> Plaintiff, <br><br> v. <br><br> TRANSAMERICA LIFE INSURANCE COMPANY, <br><br> Defendant. | CAUSE NO.: 4:23-CV-24-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court on Defendant Transamerica Life Insurance Company's Partial Motion to Dismiss for Failure to State a Claim [ECF No. 9], filed on March 15, 2023. On the record during a telephonic conference before the Court, the Plaintiff represented that he does not object to the motion.

**ANALYSIS**

In the Complaint, the Plaintiff alleges that he entered into a contract with the Defendant for the provision of life insurance. Compl. ¶ 3; Compl. Ex. A. In Count II, he claims that the Defendant breached its duty to protect him and its duty to not commit deceptive acts under the Indiana Deceptive Consumer Sales Act (DCSA). The Defendant seeks dismissal of Count II on the basis that the DCSA specifically excludes transactions for contracts of insurance issued by corporations authorized to transact insurance business under Indiana law.

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080

(7th Cir. 1997)). The DCSA protects consumers from unfair, abusive, or deceptive acts, omissions, or practices in connection with consumer transactions. *See* Ind. Code § 24-5-0.5-3. The DCSA defines a "consumer transaction" as

> a sale, lease, assignment, award by chance, or other disposition of an item of personal property, real property, a service, or an intangible, *except* securities and *policies or contracts of insurance issued by corporations authorized to transact an insurance business under the laws of the state of Indiana*, with or without an extension of credit, to a person for purposes that are primarily personal, familial, charitable, agricultural, or household, or a solicitation to supply any of these things.

Ind. Code § 24-5-0.5-2(a)(1) (emphasis added). The contract at issue is a policy for life insurance issued to the Plaintiff for purposes that are primarily personal or familial. *See* Compl. Ex. A. The Plaintiff does not dispute that the Defendant is a corporation authorized to transact an insurance business under the laws of the State of Indiana, and the Plaintiff does not oppose the motion to dismiss. Accordingly, because the DCSA does not apply to the insurance policy at issue in this case, the Court grants the Defendant's motion to dismiss Count II of the Complaint.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS Defendant Transamerica Life Insurance Company's Partial Motion to Dismiss for Failure to State a Claim [ECF No. 9], granting the motion to dismiss Count II. The case remains pending as to Counts I and III.

SO ORDERED on April 18, 2023.

> s/ Theresa L. Springmann
> JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT