UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| RANDELL E. POTTS, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:23-CV-24-TLS-JEM |
| TRANSAMERICA LIFE INSURANCE COMPANY, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Transamerica's Motion to Deem Requests for Admission to Potts Admitted [ECF No. 19] and Transamerica's Motion for Summary Judgment [ECF No. 20]. For the reasons set forth below, the Court denies the motion to deem requests admitted and, as a result, denies without prejudice the motion for summary judgment.

**BACKGROUND**

Plaintiff Randell E. Potts filed a Complaint [ECF No. 6] in the Jasper County, Indiana, Superior Court, on February 7, 2023, alleging claims against Defendant Transamerica Life Insurance Company for breach of contract (Count I), violation of the Indiana Consumer Fraud Protection Act (Count II), and bad faith breach of an insurance contract (Count III). The Plaintiff's claims arise out of the termination of a life insurance policy issued to the Plaintiff by the Defendant notwithstanding the Plaintiff's alleged remittance of the requisite payments. On March 8, 2023, the Defendant removed the case to this Court based on diversity jurisdiction. ECF No. 1.

On March 22, 2023, the Court issued an order scheduling a telephonic Rule 16(b) preliminary pretrial conference for April 13, 2023. ECF No. 12. The order directed the parties to file a joint Rule 26(f) report no later than five business days prior to the pretrial conference. *Id.* On April 6, 2023, the Defendant filed the Rule 26(f) report on its own, representing that counsel for the Defendant had attempted to confer with counsel for the Plaintiff but that she had not received a response to her inquiries. ECF No. 14. On April 13, 2023, counsel for the Plaintiff failed to appear for the Rule 16(b) conference, which was continued to April 17, 2023, as a result. ECF Nos. 15, 16. The Rule 16(b) conference was held on April 17, 2023. ECF No. 17. With the Plaintiff's agreement, the Court adopted the Defendant's Rule 26(f) report. As a result, the deadline for the exchange of initial disclosures was set for May 29, 2023, and the deadline for the completion of fact discovery was set for December 1, 2023.

On April 18, 2023, on the Defendant's motion and with no objection from the Plaintiff, the Court dismissed Count II of the Complaint brought under the Indiana Consumer Fraud Protection Act. *See* ECF Nos. 9, 17, 18. Counts I and III remain pending.

On May 29, 2023, the Defendant served its initial disclosures by the May 29, 2023 deadline, but the Plaintiff did not. *See* ECF No. 29-5.

Plaintiff's counsel represents that, on May 31, 2023, he received word of a serious health emergency involving his father-in-law. ECF No. 26, ¶ 4. On June 6, 2023, Plaintiff's counsel "communicated with Defendant's counsel, advising that he was compiling answers to initial disclosures and had staff scanning documents for same." *Id.* ¶ 5.

On June 12, 2023, the Defendant sent written discovery requests by email to Plaintiff's counsel with the subject line "Potts v. Transamerica- Discovery Requests" and with the body of the email stating that written discovery requests were attached. *See* ECF No. 19-1. The attached

2

written discovery included the Requests for Admission at issue on the instant motion as well as Interrogatories and Requests for Production. *See id.*; ECF No. 19-2. The Plaintiff's answers to each were due thirty days later on July 12, 2023. *See* Fed. R. Civ. P. 33, 34, 36.

Plaintiff's counsel's father-in-law passed away on July 8, 2023, and the funeral was held on July 13, 2023. ECF No. 26, ¶ 6. Plaintiff's counsel represents that, from May 31, 2023, when he first received word of his father-in-law's health crisis, through the funeral on July 13, 2023, his "attention to the daily practice of his office was strained" due to added family responsibilities described in the Plaintiff's response brief. *Id.*

On July 20, 2023, Plaintiff's counsel spoke with Defendant's counsel regarding the Plaintiff's overdue initial disclosures, apologizing for the delay in serving them and recognizing that they were still outstanding; Plaintiff's counsel served the initial disclosures later that day. *Id.* ¶ 7. Plaintiff's counsel also inquired about responses to discovery the Plaintiff had served on the Defendant in February 2023, prior to the case being removed to federal court, and then re-sent the discovery requests to Defendant's counsel the same day. *Id.* ¶ 8; ECF No. 26-1. Plaintiff's counsel represents that there was no discussion of the Plaintiff's outstanding responses to the discovery served by email on June 12, 2023. ECF No. 26, ¶ 9.

Plaintiff's counsel represents that, on Saturday, August 5, 2023, while continuing to catch up on work from June and the first half of July, he discovered for the first time the June 12, 2023 email with the Defendant's discovery requests. *Id.* ¶ 10. The same day, he responded to the email, informing Defendant's counsel that he was "working [his] way back through emails that got backed up in June while in and out with illness/passing of my father in law." ECF No. 26-2. He then wrote, "I've come across this email - and see I owe you discovery. As well, there are RFAs within." *Id.* He asked, "Can we discuss on Monday a time frame to answer?" *Id.* Plaintiff's

3

counsel represents that Defendant's counsel did not respond to this email. ECF No. 26, ¶ 11. There is nothing before the Court to show that Plaintiff's counsel further communicated with Defendant's counsel about extending the time to answer the Requests for Admission. Plaintiff's counsel represents that he sent the discovery to the Plaintiff for his answers. *Id.* ¶ 12.

From August 7 to August 16, 2023, Plaintiff's counsel was out of the office due to a planned family vacation. *Id.* ¶ 13.

On August 15, 2023, the Defendant filed the instant Motion to Deem Requests for Admission to Plaintiff Admitted [ECF No. 19], brought pursuant to Federal Rule of Civil Procedure 36(a). The Defendant also filed a Motion for Summary Judgment, which relies on the Requests for Admission being deemed admitted to establish certain facts in support of summary judgment. The Plaintiff's response to the motion to deem requests admitted was due August 29, 2023. *See* N.D. Ind. L.R. 7-1(d)(3)(A).

On August 21, 2023, the Defendant served answers to the Plaintiff's discovery requests. ECF No. 26, ¶ 15.

Plaintiff's counsel represents that, on August 29, 2023, he "spoke with Defendant's Counsel, seeking an extension of time to Answer the Requests for Admission, . . . but received no consent." *Id.* ¶ 16.

The Plaintiff did not respond to the motion to deem requests admitted by the August 29, 2023 deadline. On August 31, 2023, the Court sua sponte granted the Plaintiff an extension of time to September 6, 2023, to respond to the motion. ECF No. 23. That same day, Plaintiff filed an unopposed motion to extend the deadline to September 8, 2023, which was granted. ECF Nos. 24, 25. Plaintiff's counsel represents that on August 28, 2023, he had already secured Defendant's counsel's agreement to the extension of time to respond to the motion to September

8, 2023, but that the agreed motion had not been filed due to his involvement with a deposition and the unexpected absence of his paralegal due to a sick child. ECF No. 24.

On September 8, 2023, the Plaintiff filed his response to the motion to deem requests admitted [ECF No. 26], and he attached his proposed responses to the Defendant's Requests for Admission [ECF No. 26-3]. On September 12, 2023, the Plaintiff filed a response to the motion for summary judgment [ECF No. 27]. On September 15, 2023, the Defendant filed a reply in support of its motion to deem requests admitted [ECF No. 29], and on September 22, 2023, the Defendant filed a reply in support of its motion for summary judgment [ECF No. 30].

## DISCUSSION

Federal Rule of Civil Procedure 36(a)(1) provides: "A party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). Rule 36(a)(3) establishes the time to respond to such a request and the effect of not responding: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). A shorter or longer time to respond may be granted either by stipulation of the parties or order of the court. *Id.*

Under Rule 36(b), "[a] matter admitted under this rule is conclusively established *unless* the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphasis added). "[The] court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.*

Here, the Defendant served its written Requests for Admission on the Plaintiff on June 12, 2023. The Plaintiff's responses were due on July 12, 2023. The Plaintiff did not timely respond. As a result, the matters in the Requests for Admission were deemed admitted by operation of Rule 36(a)(3). In the instant motion to deem requests admitted, filed on August 15, 2023, the Defendant asks the Court to enter an Order deeming admitted the Requests for Admission served on the Plaintiff.

In response, the Plaintiff opposes the requested relief and asks for an extension of time to serve his answer to the Requests for Admission. The Plaintiff attached his proposed answer to the Requests for Admission, which includes several denials that in turn include a response to the substance of the matter. *See* ECF No. 26-3; *see also* Fed. R. Civ. P. 36(1)(4) ("A denial must fairly respond to the substance of the matter . . . ."). The Plaintiff notes that, pursuant to Rule 36(a)(3), the Court has the discretion to extend the time to respond to requests for admission. He contends that Plaintiff's counsel's father-in-law's sudden, severe illness and death in June and the first half of July 2023 were exigent circumstances. Plaintiff's counsel represents that, had he not failed to observe the June 12, 2023 email containing the Defendant's discovery requests, he would have notified the Court and opposing counsel of the circumstances and would have sought an extension of time to respond. Plaintiff's counsel then notes that he was in communication with Defendant's counsel beginning July 13, 2023, regarding his own discovery requests as well as the Plaintiff's outstanding initial disclosure but that there was no discussion of the Plaintiff's outstanding discovery responses to the June 12, 2023 requests.

Regarding the merits of the matters contained in the Requests for Admission, the Plaintiff argues that the factual disputes raised by his denials are "integral to his claim and consistent with the initial verified facts as found in [the] Complaint." ECF No. 26, ¶ 18. The Plaintiff argues that

the facts of any case deserve to be heard on their merits rather than defeated by procedural means. Plaintiff's counsel asks the Court not to hold his deficiencies, which were the result of the life events occurring at the time, against the Plaintiff. Finally, the Plaintiff contends that an extension of time would not harm the Defendant as discovery remained open for several more months. Thus, the Plaintiff asks the Court to deny the Defendant's motion to deem requests admitted and grant him additional time to serve his answers, as attached to the response brief. The Plaintiff's brief contains no citation to any law, not even to Rule 36.

In reply, the Defendant recounts the numerous deficiencies in the Plaintiff's participation in discovery. The Defendant then argues that an extension of time is no longer relevant because the Requests for Admission were admitted by operation of law, noting that the Plaintiff has not moved to withdraw the admissions. The Defendant concludes generally that the Plaintiff's deficiencies have made it difficult for discovery to proceed, have increased the Defendant's legal costs, and have wasted judicial resources.

As an initial matter, the relief the Plaintiff seeks in his response brief in the form of an extension of time ignores the procedural import of Rule 36(a)(3)—namely that the matters in the Requests for Admission were deemed admitted by operation of law when the Plaintiff failed to file a written answer within 30 days of being served. *See United States v. Kasuboski*, 834 F.2d 1345, 1349 (7th Cir. 1987) ("Rule 36(a) of the Federal Rules of Civil Procedure clearly provides that a party must answer each matter for which an admission is requested within 30 days or the matter is deemed admitted."). "Rule 36(a) is self-executing, meaning that no court intervention is necessary for an admission to be established, and failure to timely respond results in the admission of the matters raised in a request for admissions." *Hardwick v. John & Mary E. Kirby Hosp.*, No. 10-CV-2149, 2011 WL 4433764, *2 (C.D. Ill. Sept. 22, 2011) (citation omitted).

Instead, the Plaintiff should have filed a motion pursuant to Rule 36(b) asking the Court to permit withdrawal of the admissions. *See* Fed. R. Civ. P. 36(b). Although the Plaintiff does not cite Rule 36(b) or specifically ask the Court to withdraw his admissions, the Plaintiff's arguments in his response brief nevertheless track the two requirements of Rule 36(b) for a court to permit withdrawal of admissions: (1) "if it would promote the presentation on the merits of the action" and (2) "if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* Thus, in the interests of justice, the Court construes the Plaintiff's arguments in his response brief, even though framed as a motion for extension of time, as a request to withdraw admissions. *See, e.g., Windle v. Indiana*, No. 1:18-CV-1212, 2019 WL 6724605, at *4 (S.D. Ind. Dec. 10, 2019) (citing *Chisholm v. Cancer Treatment Ctrs. of Am.,* No. 01 C 0947, 2002 WL 31085090, at *2 (N.D. Ill. Sept. 18, 2002)); *Ryan v. Illinois*, No. 91 C 3725, 1997 WL 399648, at *3 (N.D. Ill. July 11, 1997) (construing, in the interest of efficiency, objections to the magistrate judge's order—entered under Rule 6(b)—as a Rule 36(b) motion to withdraw admissions where the objection raised arguments regarding Rule 36(b)). Accordingly, the Court now turns to the two elements for withdrawal of the admissions under Rule 36(b).

The first requirement of Rule 36(b)—whether withdrawal would promote the presentation of the merits of the action—generally "can be met when the deemed admissions effectively resolve the case and thus upholding the admissions eliminates the need for a presentation on the merits." *Windle*, 2019 WL 6724605, at *4 (quoting *Wilson v. Comlux Am.*, No. 1:11-CV-980, 2013 WL 593974, at *2 (S.D. Ind. Feb. 14, 2013)). The Plaintiff argues that the factual disputes in the Requests for Admission are integral to his claim. The Defendant does not address this argument in its reply brief. Although not specifically identified by the Plaintiff,

8

the Court recognizes from a cursory review of the filings that two of the three requests to admit that the Plaintiff now denies in his belated answer, *see* Req. Nos. 12, 13, ECF No. 26-3, are relied on by the Defendant in its summary judgment brief to show that the Plaintiff did not remit timely and sufficient payments under the insurance policy, *see* ECF No. 21, p. 5. Thus, the Defendant's reliance on the admissions in support of summary judgment would eliminate the need for evidence as to the merits of that element of the claim. *See Kasuboski*, 834 F.2d at 1350 ("Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment.").

Moreover, given the difficult family circumstances that Plaintiff's counsel experienced in June and the first half of July, the Court finds that good cause would have existed to extend the deadline prior to its expiration and that excusable neglect would have existed to grant the extension of time after its expiration, if the Plaintiff had filed any such motion. *See* Fed. R. Civ. P. 6(b). This finding should not be equated with the Court condoning Plaintiff's counsel's lack of diligence in monitoring his email and discovery responsibilities despite his family circumstances. However, given those circumstances, the early stage of this litigation, and the Defendant's reliance on the admissions in seeking summary judgment, the Court finds that withdrawal of the admissions would promote the presentation of the merits.

The second requirement—a finding by the court that the defendant would not be prejudiced by defending the action on the merits—considers, for example, whether the "admission . . . induces the serving party to forbear from conducting other discovery in reliance upon the admission." *Windle*, 2019 WL 6724605, at *4 (quoting *Byanham v. Meridian Servs. Corp.*, No. 1:11-CV-129, 2012 WL 2792318, at *2 (S.D. Ind. July 9, 2012); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002)). Here, the Plaintiff argues that the Defendant

9

is not harmed by an extension of time for him to answer because the discovery period was not due to expire for several months. Although the Defendant contends generally in the conclusion of its reply brief that the Plaintiff's conduct has "made it difficult for discovery to proceed," the Defendant does not claim prejudice nor assert any facts or argument that could be construed as establishing prejudice if the admissions are withdrawn.

This case was filed in February 2023 and had only been pending in federal court for approximately six months at the time of the instant motions. The Court is persuaded that the Defendant will not be prejudiced by allowing withdrawal of the admissions and permitting the Plaintiff to serve the answer filed as an attachment to his response brief. Although the discovery period closed during the pendency of these motions, discovery will be reopened promptly. *See Johnson v. Target Corp.*, 487 F. App'x 298, 300 (7th Cir. 2012) ("There is no prejudice if the withdrawing party's submissions have otherwise consistently denied the admitted facts, the party opposing the withdrawal conducted thorough discovery, or the withdrawal is made before trial and discovery may be reopened."); *see also Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007) (explaining that although the defendant relied on the deemed admissions in choosing not to engage in any other discovery, the court was "reluctant to conclude that a lack of discovery, without more, constitutes prejudice," noting that "[t]he district court could have reopened the discovery period, and prejudice must relate to the difficulty a party may face in proving its case at trial" (citations omitted)).

Accordingly, the Court permits withdrawal of the admissions and orders the Plaintiff to serve his answer to the Defendant's Requests for Admission, currently on the docket as an exhibit to his response brief, on or before February 23, 2024. As discussed above, the Defendant's Motion for Summary Judgment is premised largely on the Requests for Admission

being deemed admitted. Without those admitted facts, the factual basis for the Defendant's Motion for Summary Judgment is incomplete. Therefore, the Court denies without prejudice the Motion for Summary Judgment. This ruling does not prejudice the Defendant from later bringing a motion for summary judgment supported by evidence after the close of discovery.

As a final matter, "[i]t is not the obligation of th[e] court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Riley v. City of Kokomo, Ind. Hous. Auth.*, 909 F.3d 182, 190 (7th Cir. 2018) (quoting *Beard v. Whitley Cnty. REMC*, 840 F.2d 405, 408–09 (7th Cir. 1988)). Although the Court construed the filings to satisfy the interests of justice on the instant motions, the Court cautions Plaintiff's counsel that the continued failure to respect deadlines, follow procedural rules, raise appropriate legal arguments, and identify facts in support of his arguments may result in an unfavorable ruling.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Transamerica's Motion to Deem Requests for Admission to Potts Admitted [ECF No. 19] and DENIES without prejudice Transamerica's Motion for Summary Judgment [ECF No. 20].

The Court ORDERS the Plaintiff, on or before February 23, 2024, to serve his answer to the Defendant's Request for Admission, currently on the docket as an exhibit to his response brief.

This matter will be set for a telephonic scheduling conference by Magistrate Judge John E. Martin to reset the discovery deadlines in this case.

So ORDERED on February 9, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT